(No. 1260—

AMERICAN BRIDGE COMPANY, ET AL., Claimant, *vs*. STATE OF ILLINOIS, Respondent.

*Opinion filed January 14, 1931.*

FYFFE & CLARKE, for claimant.

OSCAR E. CARRLSTROM, Attorney General; DAVID J. KADYK, Assistant Attorney General, for respondent.

Mr. CHIEF JUSTICE CLARITY delivered the opinion of the court:

The above entitled case involves the claims filed by fourteen corporations all consolidated as parties claimant in one

case, and the facts of the individual claims are considered in this consolidated opinion upon consolidated briefs and arguments filed by the claimants, the brief and argument filed by the State, and the reply brief of the claimants.

The claims are as follows by the following designated corporations:

| | |
|---|---:|
| AMERICAN BRIDGE COMPANY, a corporation organized and doing business under the laws of the State of New Jersey | $ 200.00 |
| THE AMERICAN STEEL AND WIRE COMPANY OF NEW JERSEY, a corporation organized and doing business under the laws of the State of New Jersey | 2,250.00 |
| BENJAMIN MOORE & CO., a corporation organized and doing business under the laws of the State of New Jersey | 627.15 |
| THE GILBERT AND BENNETT MANUFACTURING COMPANY, a corporation organized and doing business under the laws of the State of Kentucky | 480.17 |
| HASKELITE MANUFACTURING CORPORATION, a corporation organized and doing business under the laws of the State of New York | 956.66 |
| H. J. HEINZ CO., a corporation, organized and doing business under the laws of the State of Pennsylvania | 1,000.00 |
| ROBERT W. HUNT COMPANY, a corporation organized and doing business under the laws of the State of Delaware | 200.00 |
| LACLEDE STEEL COMPANY, a corporation organized and doing business under the laws of the State of Missouri | 750.21 |
| NATIONAL CANDY CO., INC., a corporation organized and doing business under the laws of the State of New Jersey | 483.97 |
| ORBON STOVE CO., a corporation organized and doing business under the laws of the State of Delaware | 250.00 |
| NATIONAL TUBE COMPANY, a corporation organized and doing business under the laws of the State of New Jersey | 1,000.00 |
| PEERLESS LIGHT CO., a corporation organized and doing business under the laws of the State of Maine | 609.82 |
| THOMAS J. WEBB CO., a corporation organized and doing business under the laws of the State of West Virginia | 150.00 |
| WESTERN FELT WORKS, a corporation organized and doing business under the laws of the State of West Virginia | 1,500.00 |

It appears from the declaration filed that each of the fourteen corporations is a foreign corporation licensed to do business in the State of Illinois; it appears further that each of the claimants paid the amounts set opposite the names above to the Secretary of State as franchise fees for the privilege of transacting business in the State of Illinois, and that each payment so made was paid under protest; it appears further that each of said companies did, within thirty days after the date of the payment of such amounts, file a bill for an injunction in the Circuit Court of Sangamon

County restraining the Secretary of State from paying that amount collected over to the State Treasurer, that a temporary injunction was issued in each case, and that a demurrer was filed on behalf of the Secretary of State to each bill of complaint.

It appears further that upon a hearing on the demurrer as filed in the Circuit Court of Sangamon County the Judge of the Circuit Court indicated that the fees were properly and legally collected, were valid, and that he, the court, would sustain the demurrer of the Secretary of State to each bill filed.

The stipulation entered in this claim indicates that the claimants desired to hold the cases in the Circuit Court of Sangamon County in abeyance pending the appeal of certain other cases, but that the Assistant Attorney General who had charge of the cases in the Circuit Court insisted upon the dismissal of the cases of the claimants herein unless appeals were had from the decision of the Circuit Court, and that thereupon claimants dismissed their cases in the Circuit Court.

Claimants now ask for an award of the various amounts by this Court of Claims on the theory that the Act involving the payment of the franchise taxes paid by them was subsequently held invalid by the Supreme Court of Illinois in cases appealed by other corporations. It appears also from the briefs and arguments submitted by the claimants that the facts involving the appeal in the cases wherein the corporations were successful were not identical nor the same with the facts involved in their own cases, and claimants even admit that perhaps the Supreme Court would not have determined the Act unconstitutional or invalid upon the facts as involved in their own cases, since all of their authorized capital stock was issued.

It seems inconsistent that the claimant should ask an award and the return of their moneys in this court when they admit, in effect, that they would not have been successful in obtaining the return of those moneys in the Supreme Court of the State of Illinois.

Claimants also advance the theory that the cost of an appeal would have been prohibitive in these cases. It is exceedingly difficult as a practical matter to decide whether or not the cost of an appeal would be prohibitive in the above

entitled claims. It perhaps would be prohibitive in the instance of a claim for the amount of $150.00, but would not be prohibitive for the amount of $1,000 or more. This court, however, will not pass upon such a proposition since it is undoubtedly true that recourse to courts of superior jurisdiction is the right of all litigants and the cost thereof cannot be considered as an element of duress and compulsion in the payments of taxes.

The court has often held that taxes voluntarily paid cannot be recovered in this court. It has also held that if a claimant has not exhausted its remedies in courts of general jurisdiction that the amounts involved cannot be recovered in this court.

It is the opinion of this court that claimants in this case have not exhausted their legal remedies in the courts of general jurisdiction since they had the opportunity to appeal but determined not to do so.

It is therefore ordered that the above mentioned claims be disallowed and that this case be, and it is hereby dismissed.